RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 8 2008

JAMES N. HATTEN, Clerk
By _____ - Deputy Clerk

UNITED STATES DISRICT COURT
NOTHERN DISTRICT OF GEORGIA

DENAUD M. EGANA,
       **Plaintiff**

                                      **Amended Complaint**
                                      **Jury Trail Demanded**

V.

                                      **Case NO: 1: 07-CV-3011**

HSBC MORTGAGE SERVICE INC.,
       AND
MCCALLA RAYMER, LLC
       **Defendant**

**Preliminary Statement**

This is an amended civil action filed by DENAUD M. EGANA, hereinafter referred to as "the Plaintiff," for injunctive relief, declatory relief and damages under Title VIII, of the Fair Debt Collection Practice Act 15 USC 1692 e, f and g, §§ 807(5), 808(6)(A) and 809. This action also seeks relief for the state tort of civil conspiracy and fraudulent conveyance.

**Jurisdiction**

1. This court has jurisdiction over the plaintiffs' claims of violations of the Fair Debt Collection Practice Act.

2. This court has pendent jurisdiction over the plaintiff's state tort claims

**Parties**

3. The plaintiff, DENAUD M. EGANA, is a citizen of the United States By virtue of the Fourteenth Amendment to the United States Constitution and is domiciled at 7108 Ambercrest Court, Austell, Georgia, Cobb County.

4. Defendant, HSBC Mortgage Services Inc., is a mortgage company with an address at 3032 HSBC Way, Fort Mills, South Carolina 29715 .

5. Defendant MCCALLA RAYMER, LLC, is a debt collector located at 1544 Old Alabama Road, Rosewell, Georgia, 30076

**Facts**

6. On or about August 23, 2006, the plaintiff purchased his home, 7801 Ambercrest Court, Austell, Georgia, from HUD. See exhibit "A"

7. On or about may 15, 2007, the plaintiff received a letter from defendant HSBC demanding payment from the plaintiff against plaintiff's property described in line 6 of this complaint. See exhibit "B"

8. On April 1, 2007, the plaintiff forwarded a certified letter to defendant HSBC demanding that defendant HSBC cease and desist all collection activities against his property identified in line 6 until HSBC produce verification of the debt pursuant to the FDCPA 15 USC 1892 g § 809. see exhibit "C"

9. At no time did defendant HSBC produce or provide the plaintiff with the requested verification of debt.

10. On or about September17, 2007, the plaintiff received a demand for payment against plaintiff's property described in line 6 from defendant MCCALLA RAYMER on behalf of defendant HSBC. See exhibit "D"

11. On October 10, 2007,the plaintiff forwarded a certified letter to defendant MCCALLA RAYMER demanding that defendant MCCALLA RAYMER cease and desist all collection activity until verification of the debt is provided. The plaintiff's letter also advised defendant MCCALLA REYMER that defendant HSBC defaulted on the time limits set by the FDCPA to verify the debt. see exhibit "E"

12. At no time did defendant MCCALLA RAYMER produce or provide the plaintiff with the requested verification of debt.

13. On or about October 3,2007, less than 30 days from the September 17, 2007 letter mentioned in line 10 of this complaint, the plaintiff received notice of foreclosure from defendant MCCALLA RAYMER. See exhibit "F"

14. On or about November 6, 2007, defendant MCCALLA RAYMER sold the plaintiff's property identified in line 4 of this complaint to defendant HSBC in a non judicial foreclosure sale. See exhibit "G"

**15.** On or about December 17, 2007, the defendant's HSBC and MCCALLA RAYMER initiated dispossessory proceedings in state court against the plaintiff to have the plaintiff physically removed from his property described in line 6 of this complaint.

**16.** The plaintiff is suffering from emotional distress and mental anguish from the actions of defendants HSBC and McCalla Raymer as described in lines 6 thru 15 of this complaint.

### Claims for Relief

**17.** Defendants HSBC and McCalla Raymer's actions detailed lines 6 thru 15 of this complaint constitutes false and misleading practices in violation of the FDCPA 15 USC 1696e § 807(5).

**18.** Defendants HSBC and McCalla Raymer's actions detailed lines 6 thru 15 of this complaint constitutes unfair practices in violation of the FDCPA 15 USC 1692f § 808(6) (A).

**19.** Defendants HSBC and McCalla Raymer,s actions detailed lines 6 thru 15 of this complaint constitutes a violation of the FDCPA 15 USC 1692g § 809 where both parties failed to validate the debt.

**20.** Defendants HSBC and McCalla Raymer's actions detailed lines 6 thru 15 of this complaint constitutes the tort of civil conspiracy and fraudulent conveyance.

### Relief Requested

Wherefore, the Plaintiffs request that the court grant the following relief:

**(A)** That HSBC and McCalla Raymer issue declaration that they violated the plaintiff's rights under the FDCPA when they performed a non judicial foreclosure without validating the debt pursuant to 15 USC 1692g § 809.

**(B)** That this Court issue injunctive relief restraining HSBC and McCalla Raymer to stop all claims against the plaintiff's property that's described in line 6 of this complaint until there is a final disposition of this case.

**(C)** That the defendants both pay the plaintiff $1000.00 each for violating the plaintiffs rights under the FDCPA 15 USC 1692 e, f and g as enumerated in this complaint.

**(D)** That the plaintiff be awarded damages in an amount to be determined against both defendants for their tortuous actions described in this complaint which caused the plaintiff emotional distress and continued mental anguish.

**(E)** That the defendants pay all cost of this action.

**(F)** That the court grant any and all relief.

**(G)** That the plaintiff be awarded attorney fees.

Respectfully submitted,    1/28/2007

*[signature]*

DENAUD M. EGANA, Pro Se
7108 Ambercrest Court
Austell, GA 30168mb

## CERTIFICATE OF SERVICE

I certify that I have this day served opposing party with a copy of the foregoing motion to amend and amended complaint by mailing a copy first class mail postage prepaid to him/her at 600 Peachtree Street, N.E., Suite 5200, Atlanta, GA 30308-2216.

This the 28th day of January, 2008.

_____
Denauld M. Egana
7108 Ambercrest Ct.
Austell, GA 30168

*Exhibit "A"*

DK 14393 Pg 5126
Filed and Recorded Sep-28-2006 04:00pm
2006-0164995
Real Estate Transfer Tax $0.00

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

RETURN RECORDED DOCUMENT TO:
FEARNLEY CALIFF PRICE WALKER & HUGHES, LLC
2295 PARKLAKE DRIVE, SUITE 500
ATLANTA, GEORGIA 30345
FILE NO. 105-110970

STATE OF GEORGIA
COUNTY OF FULTON

# SPECIAL WARRANTY DEED

THIS INDENTURE, made this 21 day of August, 2006, between ALPHONSO JACKSON, SECRETARY OF HOUSING and URBAN DEVELOPMENT of Washington, D.C., party of the first part and

**DENAUD M. EGANA**

of Cobb County, Georgia, party(ies) of the second part.

WITNESSETH, that the said party of the first part, for and in consideration of the sum of Ten Dollars ($10.00), and other valuable consideration in hand paid, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm, unto the said party(ies) of the second part, and the heirs and assigns of the said party(ies) of the second part, the following described real property situated and being in the County of Cobb, State of Georgia, to wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 517 OF THE 19TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA, BEING LOT 40, AMBERCREST SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 165, PAGE 100, COBB COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION. SAID PROPERTY BEING KNOWN AS 7108 AMBERCREST COURT, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES IN COBB COUNTY, GEORGIA.

BEING the same property acquired by the party of the first part pursuant to the provisions of the National Housing Act, as amended (12 USC 1701 et seq) and the Department of Housing and Urban Development Act (42 USC 3531 et seq).

TO HAVE AND TO HOLD the said property hereinbefore described, with all and singular the rights, members and appurtenances thereunto appertaining, to the only proper use, benefit and behoof of the said party(ies) of the second part, forever, in fee simple, and the said party of the first part specially warrants the title to the said above-described bargained property against the unlawful claims of all persons claiming by through or under the party of the first part.

SUBJECT TO ALL covenants, restrictions, reservations, easements, conditions and rights appearing of record and subject to any state of facts an accurate survey would show.

THIS DEED NOT TO BE IN EFFECT UNTIL: August 14, 2006

IN WITNESS WHEREOF, the undersigned has set his/her hand and seal as a principal and/or officer of AFR & ASSOCIATES, Management and Marketing Contractor for the United States Department of Housing and Urban Development, for and on behalf of the Secretary of Housing and Urban Development, under the redelegation of authority published at 70 F.R. 43171 (07/ 26/ 05), as amended.

Signed, sealed and delivered in the presence of:

WITNESS

Secretary of Housing and Urban Development of Washington, D.C., its successors and/or assigns

By:

*Exhibit "B"*

# HSBC

**Statement for**

DENAUD M EGANA

| | |
|---|---|
| Loan Number: | 0016032161 |
| Statement Date: | 03/15/07 |
| Payment Due Date: | 04/01/07 |

Customer Care Number: 1-800-333-7023

Website: hsbcmortgageservices.com

096103

## Account Summary

| Current Payment Amount | Principal & Interest | Escrow/ Advance | Optional Insurance/ Products | Past Due Payment Amount | Late Charges | Miscellaneous/ Other | Total Due |
|---|---|---|---|---|---|---|---|
| 1,083.23 | 1,083.23 | 0.00 | 0.00 | 1,083.23 | 0.00 | 0.00 | 2,166.46 |

| Principal Balance | Escrow/Advance Balance | Unapplied Funds Balance | Unpaid Interest |
|---|---|---|---|
| 143,000.00 | 0.00 | 0.00 | 0.00 |

## Transaction Summary Since Last Statement

| Date | Effective Date | Total Amount | Interest | Principal | Escrow | Optional Insurance/ Products | Late Charges/ Miscellaneous | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|

No transactions have occurred on your loan between the last billing cycle and this statement.

A $54.16 late charge will be due if payment is received after 03/16/07.

## Important Messages

You will save time with EZ Pay Plus, our automatic payment plan. Enroll today. It's easy, smart and convenient! See the enclosed brochure for more details.

All calls may be monitored or recorded for quality assurance purposes.

---

62482

Page 1 of 1

**Make checks payable to: HSBC Mortgage Services.** Always write your account number on your check.
Please enclose the bottom portion of your statement with your payment so that our address appears through the window.

| | | |
|---|---|---|
| Loan Number: | | 0016032161 |
| Total Amount Due: | $ | 2,166.46 |
| Additional Principal: | $ | |
| Late Charges: | $ | |
| Other: _____ | $ | |
| Amount Enclosed | $ | |

# HSBC

| | | |
|---|---|---|
| Current Due Date: | | 04/01/07 |
| Payment: | $ | 1,083.23 |
| Past Due Payment: | $ | 1,083.23 |
| Unpaid Late Charges: | $ | 0.00 |
| Other Fees: | $ | 0.00 |
| Total Amount Due: | $ | 2,166.46 |

HSBC Mortgage Services
P.O. Box 17580
Baltimore, MD 21297-1580

DENAUD M EGANA
7108 AMBERCREST CT
AUSTELL GA 30168-7061

PRIVATE
**THIS IS NOT A PUBLIC COMMUNICATION**
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract.

:Denaud-Manscel:Egana©
without prejudice
c/o 7108 Ambercrest Ct.
Austell, Georgia (30168)

Deed Book 14550 Pg 5453

Sent Certified Mail # 7006010000001652184
EB2240 74768 US
With proof of service to:

April 1, 2007

Exhibit "C"

Gary Esposito individually and
HSBC Mortgage Co.
3032 HSBC Way
Fort Mills, SC 29715

RE: Alleged Account # 16032161

Dear Sirs:

This is Notice that I am disputing any alleged debt until you provide verification of the debt pursuant, but not limited, to my rights under the Fair Debt Collection Practices Act (FDCPA), and the Uniform Commercial Code (UCC), State Commercial Code, Contract Law and the Fair Credit Billing Act (FCBA).

It appears to me from your correspondence that you area debt collector, that I am a consumer, and that this is an alleged debt subject to the provisions of the FDCPA in regards to this collection proceeding for an alleged debt owed by me. See: *Britton v. Weiss*, U.S Dist Ct., Northern Dist New York, 1988, and *Laws v. Chesklock*, US. Dist. Ct., Northern Dist. Illinois, East. Div., 1999

Pursuant to the FDCPA, you must CEASE and DESIST any and all collection activity, in any and every form, until you provide "such verification" herein requested. In *Jang v. A.M. Miller & Assocs.*, U.S. App. (7th Cir.), 122 F. 3d 480; 1977, the Court stated that 15 U.S.C. "Section 1692g(b) gives debt collectors two options when they receive requests for validation: provide the requested validations and continue their debt collecting activities, or they may cease all collection activities. *See Smith v. Transworld Systems Inc.*, 963 F. 2d 1025, 1031 (6th Cir. 1992)."

Your failure to provide anything less than the verification requested herein and continuing to attempt to collect on the alleged debt may be deemed a violation of, but not limited to, the FDCPA for providing false, misleading and/or deceptive information, and misrepresenting the character, amount and/or legal status of the alleged debt for the purpose of harassment and coercion as well as failure to provide verification of the alleged debt. If you are an attorney, it may be deemed as a violation of you Code of Professional Responsibility and Civil Rule-11.

Any claims of money alleged to be owed based on an instrument/note/contract, as an operation of law, are subject to UCC § 3-305, which states, in part:

The right to enforce the obligation of a party to pay an instrument is subject to the following:
1) a defense of the obligor based on
    (i)    Infancy of the obligor to the extent it is a defense to a simple contract,
    (ii)   duress, lack of legal capacity, or illegally of the transaction which, under other law, nullifies the obligation of the obligor
    (iii)  fraud that induced the obligor to sign it). Instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or
    (iv)   discharge of the obligor in insolvency proceedings;

## NOTICE OF POTENTIAL CIVIL RIGHTS VIOLATION

If you and/or your agents, assigns or successors attempt, or continue to attempt, to collect on the alleged debt in any manner, method or form including court action, negative credit reporting (conspiring with the "credit reporting bureaus"), letters/statement in the mail (conspiring with the United States Post Office/Service"), after failing/refusing to provide verification and adequate assurance (proof of claim) of the alleged debt you claim I owe as required by, but not limited to, UCC, Contract Law, FCBA, FDCPA, it may be deemed a violations of my Civil Rights pursuant, but not limited, to 42 U.S.C.§§ 1, 1986, and subject you to a lawsuit for damages sustained as well as potential criminal prosecution. Those Civil Rights laws do NOT require "State action/involvement" for one to be found guilty of violating them. This was recognized by the US. Supreme Court in *Griffin v. Brekenridge. 403 U.S. 88 ,91 S.Ct.1790, 29 L.Ed.2d 338 (1971)* where they stated, "[T]he failure to mention any such (state action) requisites can be viewed as an important indication of congressional intent to speak in section 1985(3) of all deprivations of 'equal protection of the laws' and 'equal privileges and immunities under the laws.' *Whatever their source."* Also see *Champman v. The Higbee Co., 6th Cir. Apps. (2003)*. Any collection action involving a court of law, judge, clerk of courts, attorney will subject you to a violation of my Constitutional and Civil Rights pursuant to 42 U.S.C. § 1983. Such action in connection with the "state" will deem you to be a "state actor". See Supreme Court decisions: See *Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)* and *Lugar v. Edmonsen Oil co. Inc., et al., 457 U.S. 922; 102 S. Ct. 2744; 73 L. Ed. 2d 482 (1982)*.

1. **THIS IS NOT A REFUSAL TO PAY**, but a request for proof of claim: verification of money alleged to be owed pursuant, but not limited, to 15 U.S.C. § 1866(b) of the Fair Credit Billing Act, 15 U.S.C. § 1692g-Fair Debt Collection Practices Act;

2. I dispute the entire amount, **PER THE ATTACHED NOTICE RECEIVED FROM YOUR OFFICE** plus interest, allegedly owed by me to "Lender" and/or "Lender's" agents successors and/or assigns;

3. The amount allegedly owed by me to "Lender" appears to be a billing and/or an accounting error.

4. I do not agree to any changes, notices, alterations, amendments or the like previously, allegedly, mailed by "Lender" and/or "Lender's" agents to me in regard to this account and I "opt out" of any such notice, allegedly, mailed, if applicable;

5. I revoke any changes, notices, alterations, amendments or the like previously, allegedly, mailed by "Lender" and/or "Lender's: agents to me, if applicable;

6. I demand to have mailed to me a Certified and Verified Copy of an executed contract between the "Lender" and myself from the existing original containing a blue/black ink signature;

7. I demand a Certified and Verified written accounting of the total amount of money, if any, I have **PAID IN**, to the said account number (*this is NOT a request for duplicate statements, or alleged balance owed or a computer generated or the like payment history*), if applicable;

8. Pursuant, but not limited to the Uniform Commercial Code § 3-302, 3-305, Fair Credit Billing Act -15 U.S.C. § 1666(3)(b)(ii), Fair Debt Collection Practices Act – 15 U.S.C. § 1692g, and/or Contract law, I am demanding the "Lender" provided verification and/or adequate assurance of the alleged debt owed by me by verify and/or assuring that:

    a. It is in possession of the promissory note(s)/instrument(s) issued;
    b. Valuable consideration was given for the note(s)/instrument(s);
    c. The promissory note(s)/instrument(s) was/were received in good faith;
    d. All applicable United States Banking laws and/or Federal Reserve Policies and Procedures (USBL and/or FRPP) were complied with;
    e. All material facts pertinent to the "Loan Process" as required by USBL and/or FRPP were disclosed to me allowing me to issue and execute promissory note(s)/instrument(s) to "Lender" of my own free will absent of inducement and/or coercion and/or fraud by the "Lender";
    f. The "Lender" has NOT altered in any form or fashion the promissory note(s)/instrument(s) issued;
    g. The promissory note(s)/instrument(s) issued was/were NOT used other than as intended, which was to only be a *promise to pay* money "loaned";

    h.    The "Lender" did NOT use the promissory note(s)/instrument(s) issued, without disclosing, as "bank notes" having "value" (bankable paper). See 31 U.S.C. 5103 and House Joint Resolution (HJR)-192;

    i.    The "Lender" did NOT accept money, money-equivalent, capital, funds or anything of value from issuer of promissory notes in the approximate amount of the "loan" on the promissory note(s)/instrument(s);

    j.    The "Lender's" did NOT EXCHANGE (as opposed to loan) promissory note(s)/instrument(s) issued for credit(s)/deposit(s) to a "transaction" account, check or similar entity the "Lender" established on issuers behalf and then withdrew, or something similar, from the credit(s)/deposit(s) and gave issuer a "loan";

    k.    The "Lender's accounting bookkeeping entries under GAAP (Generally Accepted Accounting Principles) and GAAS (Generally Accepted Auditing Standards) do NOT show an outstanding liability(s) owed to issuer of promissory note(s)/instrument(s) by the "Lender" for the "face" amount of the promissory note(s)/instrument(s) I issued to "Lender";

    l.    The "Lender" did NOT give a "loan" as "valuable" consideration of the promissory note(s)/instrument(s) issued, that was/were and/or in no more than, electronic and/or accounting/bookkeeping CREATED CREDIT similar, or the same as a "credit memo" in banking;

    m.    If "Lender" used CREATED CREDIT in association with the "loan" alleged to be owed by me, that such CREATED CREDIT is legal tender in accords with 31 U.S.C. 5103 and HJR-192;

    n.    I cannot legally repay any money, verified and/or assured by "Lender" to be owed by me, in the same species of money or money equivalent used to fund the loan, and/or any of the species of money recognized and authorized by the Federal Reserve and pursuant to 31 U.S.C. 5103 and HJR-192;

9. I hereby tender offer to pay the full amount alleged to be owed, pursuant to UCC 3-603, upon verification and/or adequate assurance of the alleged debt (subject to cross-examination and the penalty of perjury), owed by me, to the best of my abilities, whereas such would substantiate that the "Lender" has not perpetrated a fraud upon me and is holder in due course of its claims. Payment shall be deemed refused, and/or no obligation exist, if "Lender" does not provide verification and/or adequate assurance of the alleged debt as herein requested, and any debt allegedly owed by me in extinguished as on operation of law" "An obligation .....once extinct, it never revives again." *Ogden v. Saunder*, 25 U.S. 213 (1827).

PLEASE NOTE:

**Certified Copy:** means- "A copy of a document or record, signed and certified as a true copy by the officer to whose custody the original in instructed"

**Verified Copy:** means- Copy of document which is shown by independent evidence to be true. A copy, if successive witness trace the original in to the hands of a witness who made or compared the copy. See: *Nu Car Carriers v. Treynor*, 75 U.S.App.D.C.174, 125 F.2d 47, 48."

**Verification:** means- Confirmation of correctness, truth, or authenticity, by affidavit, oath, deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party. See *Sheeley v. City of Santa Clara*, 215 Cal.App.2d 83,30 Cal. Rptr. 121,123. Sworn or equivalent confirmation of truth.... In accounting, the process of substantiating entries in books of account."

**Assure:** means- "To make certain and put beyond doubt. To declare, aver, avouch, assert, or ensure positively. To declare solemnly; to assure to any one with design of inspiring belief or confidence."

**Assurance:** means " The act or action of assuring....A declaration tending to inspire full confidence."

The above definitions are from Black's Law dictionary, 6th Ed. "In the absence of a statutory definition, courts give terms their ordinary meaning." *Bass. Terri L. v. Stolper, Koritzinsky*, 111 F. 3d 1325, 7th Cir. Apps. (1996).Plain meaning can be determined by using a dictionary. As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there, See, e.g., *United States v. Ron Pair Enterprises. Inc.*, 489 U.S. 235, 241-242 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102-103 (1897); *Oneale v. Thornton*. 6 Cranch 53. 68. When the words of a statute are unambiguous, then this first canon is also the last; "judicial inquiry is complete". *Rubin v. United States*, 449 U.S. 424, 430 (1981) and *Ron Pair Enterprises*, supra, at 24. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992).

"The legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1 (1962).

"Lender" is being requested to give proof of claim/verification of the purported debt and status as holder in due course. Such i apparently required as a matter of due process of law. This is apparent in the U.S. Supreme Court statement:

> "For in this proceeding petitioner is not seeking, nor is respondent denying him, anything other than the right to prove his claim... The question is simply one of the admissibility and effect of evidence; and.... the obligation to receive in evidence a promissory note or other admissible evidence of debt." *Morris v. Jones, 329 U.S. 545 (1947)*.

Additionally, please refrain from sending me a print-out or copies of statements as purported verification. Any such act will be subject to legal action for violations of, not limited to, the FDCPA. See *Young v. Hewer & Njus, PA, Dist. Ct. N. III (1997)*. (Finding that computer printouts are not verification of a debt).

**FAILURE** by debt collector to respond, in order to maintain the honor bestowed by said presentment, mandates that lawful protest declare you dishonor. Your response must be in affidavit form under your full commercial liability, rebutting each of m points, on a point-by-point basis, that the facts contained therein are true, correct, complete and not misleading. Declarations ar insufficient, as declarations permit lying by omission, which no honorable presentment may contain.

**FAILURE** to verify and/or adequately assure the alleged debt owed by me within ten (10) days, as stated above, in accordance with said definitions, will be deemed a dishonor of this presentment/notice and demand, and that the debt collector and/or their client, has fraudulently attempted to assert a claim against me, and extort, induce money from me in the present and past, in which the debt collector and/or their client has and has had no legal right to, via the U.S. Mail.

**ADDITIONALLY**, any form of collection activity and/or reporting of negative/derogatory information about said account to "credit reporting agencies" by debt collector and/or their client, and/or their agent/assigns absent of the debt collector and/or their client providing verification and/or adequate assurance of the alleged debt owed by me will be deemed as intentional and willful defamation and libel of my good name and character and harassment for the purpose of inducement or coercion of money from me to which the "lender" has no legal right.

Sincerely, with all rights reserved,

DENAUD M. EGANA

enc:   Opinion letter from the FTC attached and incorporated by references to this link to the letter;source:
http://www.ftc.gov/os/statutes/fdcpa/letters/cass.htm

Cc: Georgia Department of Banking and Finance

Exhibit "D"

LAW OFFICES
# MCCALLA RAYMER, LLC
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE: (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

September 17, 2007

Denaud Egana
7108 Ambercrest Court
Austell, GA 30168

|  |  |
|---|---|
| Our File #: | 51895707 |
| Loan #: | 0016032161 |
| Property Address: | 7108 Ambercrest Court<br>Austell, GA 30168 |

Dear Borrower:

**PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The above-referenced loan has been referred to this law firm for handling.

As of the date of this letter, the amount of debt is $152,035.17. Because additional interest, late charges and other charges may accrue, the amount to reinstate or pay off your loan changes daily. Please call our office for complete reinstatement or payoff figures.

The debt is owed to HSBC MORTGAGE SERVICES, who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed.

Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid. If you notify us in writing at the above address within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that if you have previously received a discharge in a Chapter 7 bankruptcy case, your personal liability on this loan may have been extinguished. In that event, the action we have been requested to take would be limited to the foreclosure of the above-referenced property. If you are <u>currently</u> under bankruptcy protection and no relief has been granted to your lender, please fax your bankruptcy case information to us at (770) 643-7233. We may be able to close our file immediately.

Sincerely,

McCalla Raymer, LLC

By: _____

Denaud M. Egana
7108 Ambercrest Court
Austell, Georgia 30168

Exhibit "E"

October 10, 2007

McCalla Raymer
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, Georgia 30076

Reference: Notice to Cease and Desist/Notice of Fraud on alleged account 0016032161 via HSBC Mortgage Services

To: McCalla Raymer,

   Please be advised that your communication to me dated, Sept. 17, 2007, is in direct violation of the "Fair Debt Collection Act," FDCPA, 15 U.S.C. § 1692e. In a letter dated April 7, 2007, I requested that HSBC cease and desist all collection activity on the above mentioned account and verify the alleged debt. Accordingly, HSBC has failed to verify the alleged debt and has defaulted on the 30 day time limits prescribed by law and is in complete dishonor. Consequentially, I've filed complaints with both the Georgia Department Banking and Finance and the Federal Trade Commission concerning this matter. You must cease and desist all collection activity immediately. Additionally, any attempts to sale my property in an alleged foreclosure amounts to and constitutes fraud on your behalf.
   I urge your prompt cooperation in this instance,

Sincerely,

Denaud M. Egana

CERTIFIED MAIL# 70063450000075109818

"Exhibit "F"

Mail#:

**BORROWER COPY**

LAW OFFICES
# MCCALLA RAYMER, LLC
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE: (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

October 3, 2007

Denaud Egana
7108 Ambercrest Court
Austell, GA 30168

RE: NOTICE OF FORECLOSURE SALE - Note and Security Deed - HSBC Mortgage Corporation, Inc. vs. Denaud Egana

| | |
|---|---|
| Servicing Lender's #: | 0016032161 |
| Our File #: | 51895707-FT1 |
| Original Borrower: | Denaud Egana |
| Current Borrower: | Denaud Egana |
| Property: | 7108 Ambercrest Court |
| | Austell, Georgia 30168 |
| | Cobb County, Georgia |
| PMI Certificate No.: | |

Dear Borrower:

By letter dated September 17, 2007 (the "Initial Communication Letter") we notified you that the above-referenced loan had been referred to this law firm for handling. That letter also advised you of certain rights (the "Borrowers Rights" - - which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges is now due and payable. Additionally, the terms of your note call for the addition of attorneys' fees to the debt in case of collection by or through an attorney. Georgia law (O.C.G.A. Section 13-1-11) requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without having to pay attorneys' fees. After that time the full attorneys' fees allowed by Georgia law may be added to the debt.

Enclosed is a copy of the Notice of Sale submitted for publication in the legal newspaper. Note that the sale is scheduled for the first Tuesday in November, 2007, and will be held within the legal hours of sale at the Cobb County Courthouse.

Deed Book 14550 Pg 5451



**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please be advised that if the default is not cured and the property is sold at foreclosure to an outside investor (other than your lender), there may be excess proceeds from the sale for distribution to lienholders and/or the owner of record. Neither lienholders nor owners have to sign any contracts or pay any fees to outside agencies to recover these funds! If an outside investor contacts you after foreclosure advising they have purchased your property at sale, please call our Excess Proceeds department between 45 - 60 days after the foreclosure sale to determine if any such funds exist.

For further information regarding this foreclosure, you may call our office at (770) 643-2148, and ask for Team FT1 of MR Default Services. The lender may be able to allow you to reinstate the loan and stop the foreclosure. You may call our office to find out if reinstatement is allowed; and if allowed, to find out the amount of money which you must pay in order to cure the default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. To discuss other possible alternatives to foreclosure, you may also call the lender directly on their Loss Mitigation Hotline at 1-800-365-6730 x44419.

When telephoning this office please identify yourself as the borrower, and refer to our file number.

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated September 17, 2007.

Sincerely,

MR Default Services, LLC on behalf of
McCalla Raymer, LLC

/lo1   11/6/07
Enclosure

Original via certified mail - return receipt requested
Copy also sent by first class mail

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 517 of the 18th District, 2nd Section, Cobb County, Georgia, being Lot 40, Ambercrest subdivision, as per plat recorded in Plat Book 165, page 100, Cobb County, Georgia records, which recorded plat is incorporated herein by this reference and made a part of this description. Said property being known as 7108 Ambercrest Court according to the present system of numbering houses in Cobb County, Georgia.

MR/lo1    11/6/07
Our file no. 51895707 - FT1



**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit "6"

LAW OFFICES
# MCCALLA RAYMER, LLC
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE: (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

November 29, 2007

CERTIFIED MAIL #:91 7108 2133 3933 8006 3530

Denaud Egana
And/or Tenant, Known or Unknown at:
7108 Ambercrest Court
Austell, GA  30168

Dear Occupant:

On November 6, 2007, your property located at 7108 Ambercrest Court, Austell, GA 30168, was sold before the Courthouse door of Cobb County, Georgia during the legal hours of sale. This foreclosure resulted from your default in payments, and you are hereby notified that possession is demanded by HSBC Mortgage Corporation, Inc who was the highest bidder at the sale.

If possession is not relinquished immediately, dispossessory proceedings will be initiated in the State Court of Cobb County, Georgia to evict you.

Please let us know if you have any questions.

Sincerely,

McCalla Raymer, LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**