IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENAUD M. EGANA, | |
|    Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:07-CV-3011-BBM-GGB |
| McCALLA RAYMER, LLC, | |
|    Defendant. | |

## ORDER DENYING DEFAULT

## AND REQUIRING FURTHER ACTION BY THE PARTIES

This civil action is before me on Plaintiff Denaud Egana's Request for Entry of Default (Doc. 17) and Request for Entry of Default Judgment (Doc. 18). For reasons stated below, Plaintiff's requests are **DENIED**.

Plaintiff filed his complaint on December 5, 2007. Defendant McCalla Raymer filed an answer on December 17, 2007, and a motion to dismiss on January 23, 2008. (Docs. 5, 10).[1] On June 11, 2008, I granted Plaintiff's motion to file an amended complaint and instructed the Clerk of the Court to file Plaintiff's proposed amended complaint, which was done the same day. (Docs. 12-14). To date, Defendant has not filed an answer to the amended complaint.

---

[1] The motion to dismiss was denied on July 1, 2008. (Doc. 16).

Plaintiff, who is proceeding without counsel, seeks entry of default and a default judgment based apparently on Defendant's failure to answer the amended complaint. Rule 55 of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). Once default is entered, the non-defaulting party may file a motion seeking entry of a default judgment. Fed.R.Civ.P. 55(b)(2). However, "default judgments are disfavored" and "strict compliance" with the Federal Rules is required. Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1369 (11th Cir. 1982).

Under Rule 5(d)(1) of the Federal Rules of Civil Procedure, motions must be served on the opposing party and accompanied by a certificate of service when filed. See also Fed. R. Civ. P. 55(b)(2) (requiring motion for default judgment to be served on the opposing party when, as here, the opposing party has previously appeared in the case). Plaintiff's motions were not accompanied by the required certificate of service. Furthermore, Plaintiff apparently failed to serve Defendant, who has not filed responses to Plaintiff's motions. Because Plaintiff failed to comply with the

2

procedural rules governing default motions, his Request for Entry of Default (Doc. 17) and Request for Entry of Default Judgment (Doc. 18) are both **DENIED**.

Nonetheless, Plaintiff's amended complaint remains unanswered by Defendant, and a scheduling order has not been issued in this case. Accordingly, Defendant McCalla Raymer is **ORDERED** to answer Plaintiff's amended complaint, or otherwise plead, no later than **September 30, 2008**. *The discovery period will end on January 9, 2009. Summary judgment motions are due no later than January 29, 2009.*

IT IS SO ORDERED, this 9th day of September, 2008.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE